

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 22, 1952

Hon. Joseph C. Ternus       Opinion No. V-1562.
County Attorney
San Patricio County        Re:  Constitutionality of
Sinton, Texas                   Subsection 1(a), Section
                                8, Article 827a, V.P.C.,
                                relating to vehicle speed
                                limits when special hazards
Dear Sir:                       exist.

        You have requested of this office an opinion
concerning the constitutionality of Subsection 1(a) of
Section 8, Article 827a, Vernon's Penal Code, which
relates to motor vehicle speed limits under circum-
stances where special hazards exist. The provision
in question reads as follows:

        "No person shall drive a vehicle on a
    highway at a speed greater than is reasonable
    and prudent under the conditions then existing,
    having regard to the actual and potential
    hazards when approaching and crossing an
    intersection or a railway grade crossing, when
    approaching and going around a curve, when
    approaching a hill crest, when traveling upon
    any narrow or winding roadway, or when special
    hazard exists with respect to pedestrians or
    other traffic or by reason of weather or high-
    way conditions; and in every event, speed shall
    be so controlled as may be necessary to avoid
    colliding with any person, vehicle, or other
    conveyance on or entering the highway in com-
    pliance with legal requirements and the duty
    of all persons to use due care."

        Section 8 of Article 827a, V.P.C., was re-enacted
and amended by the 52nd Legislature as H. B. 458, ch.
346, p. 589, and it appears to be the Legislature's most
recent expression respecting the regulation of highway
traffic. Apparently it supersedes Section 51 of Ar-
ticle 6701d, V.C.S., the Uniform Traffic Code prohibition
against reckless driving, a part of which was held un-
constitutional on the gound of uncertainty in Ex parte

Chernosky, 153 Tex. Crim. 52, 217 S.W.2d 673 (1949).
Such is the nature of the problem with which we are
confronted here.

        Although a penal law will be declared void
if it is framed in such an obscure or indefinite fashion
that it cannot be readily understood (Tex. Const. Art.
I, Sec. 10; Art. 6, V.P.C.), the framers of the statute
may employ general terminology if it is intelligible to
persons of ordinary intelligence.  Such a statute does
not have to spell out all of the ways in which the
offense can be committed.  Ex parte Montgomery, 86
Tex. Crim. 636, 218 S.W. 1042 (1920).  In Ex parte Frye,
143 Tex. Crim. 9, 156 S.W.2d 531, 537 (1941), the Texas
rule was stated thus:

        "A penal statute is sufficiently certain,
    although it may use general terms, if the
    offense is so defined as to convey to a person
    of ordinary intelligence an adequate description
    of the evil or mischief intended to be prohibited.
    . . ."

        Statutes which attempt to define criminal offenses
in connection with the operation of motor vehicles might
be said to fall into two general categories.  One type
sets forth a sort of blanket prohibition designed to
cover numerous situations in which the exact nature of
the culpable conduct cannot be precisely described be-
fore it occurs, as, for example, "reckless driving."
Several Texas penal statutes of this type have been
declared void for uncertainty.  Russell v. State, 88
Tex. Crim. 512, 228 S.W. 566 (1921); Ladd v. State, 115
Tex. Crim. 355, 27 S.W.2d 1908 (1930); Ex parte Chernosky,
supra.

        Other such regulatory measures attempt to
describe the specific acts which are intended to be
prohibited, and statutes of this type have been more
favorably received by the courts than those described
in the preceding paragraph.  The provision under considera-
tion here appears to fall into this latter category.  A
similar statute prohibiting motorists from driving in
excess of a reasonable and proper speed, "having regard
to the width, traffic and use of the highways and the

general and usual rules of the road, or so as to
endanger the property, life or limb of any person," was
held sufficiently definite to meet the requirements of
due process, despite the fact that it prescribed no
precise maximum rate of speed. Mulkern v. State, 187
N.W. 190 (Wis. Sup. 1922). Another such act, prescrib-
ing the standard of reasonable prudence under the cir-
cumstances, but also specifying a prima facie unlawful
speed, was upheld against a similar challenge to its
validity. Gallagher v. State, 141 N.E. 347, 29 A.L.R.
1059 (Ind. Sup. 1923).

We have been unable to locate any Texas de-
cisions which consider the validity of Article 827a,
Section 8, V.P.C., as it reads today. However, Article
794, V.P.C., before its repeal by the provision under
consideration here, directing "all motor vehicles pass-
ing each other" to reduce their speed to fifteen miles
per hour, was upheld over the objection that the quoted
language was too obscure to define the offense. Davis
v. Estes, 44 S.W.2d 952 (Tex. Comm. App. 1932). Later,
Section 8 itself was upheld as a rule of civil conduct.
Oriental Oil Co. v. Brown, 130 Tex. 240, 106 S.W.2d 136
(1937). As amended by the 52nd Legislature, this
provision was referred to and left undisturbed in a
recent decision of the Court of Criminal Appeals, al-
though it does not appear that its validity was attacked
in the proceeding. Ex parte De La Pena, 251 S.W.2d 890
(Tex. Crim. 1952).

Taken as a whole, Article 827a, Section 8,
V.P.C., is an attempt to establish various maximum speed
limits for motor vehicles operating under all conceivable
driving conditions. Subsection 1(a), with which we are
specifically concerned here, deals with the operation of
vehicles under circumstances where special hazards exist,
and the special hazards which the framers of the Act
had in mind are spelled out in detail. The speed limits
in this particular subsection are not set forth in terms
of miles per hour, but rather by the standard of what
is reasonable and prudent under the circumstances.
However, subsection 1(b) prescribes definite miles per
hour speed limits for different types of vehicles opera-
ting under normal conditions, "where no special hazard
exists that requires lower speed for compliance with
subsection 1(a) of this section." In other words, sub-
section 1(b) authorizes a motorist to drive his automobile
at the rate of sixty miles per hour on an open highway

under normal daylight operating conditions, but subsection 1(a) requires that he reduce his speed in a reasonable and prudent manner when he approaches a hazard such as a curve, the crest of a hill, or an intersection.

It is difficult to predict what action the appellate courts will take with respect to any given penal statute which has been attacked as vague and indefinite. Such laws are frequently challenged on this ground, and each case seems to stand on its own merits. However, it is important to note that the nature of the offense created is always of vital importance to a determination of the validity of the law. In many instances the activities intended to be proscribed are difficult to describe, and in that case the terms of the statute may be more elastic, so long as they are suitable to the subject matter and fair and reasonable to those who will be governed by its provisions.

We feel that subsection 1(a), especially when read in pari materia with all of the other subdivisions of Article 827a, Section 8, provides a sufficiently definite criterion of liability to inform persons of average intelligence of the culpable acts it creates. It provides a somewhat flexible standard, but in the field of traffic regulation, absolute and inflexible standards are not always possible and seldom practicable and desirable. It is therefore our opinion that Article 827a, Section 8, Subsection 1(a), V.P.C., is constitutional.

## SUMMARY

Article 827a, Section 8, Subsection 1(a), V.P.C., establishing speed limits for motor vehicles operating under conditions

Hon. Joseph C. Ternus, page 5, (V-1562).

where special hazards exist, describes
with sufficient certainty the offense that
it is intended to prohibit and therefore is
constitutional.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

William S. Lott
State Affairs Division

Mary Kate Wall
Reviewing Assistant

By *Calvin B. Garwood Jr.*

Charles D. Mathews
First Assistant

Calvin B. Garwood, Jr.
Assistant

cbg/mlh